IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE:<br><br>JANET LINA GALARZA,<br><br>    DEBTOR. | Case No.: BK-14-10085-M<br>Chapter 13 |

**RESPONSE TO DEBTOR'S OBJECTION TO PROOF OF CLAIM OF MIDLAND MORTGAGE (CLAIM NO, 11)**

Comes now the secured creditor, MIDFIRST BANK (hereinafter "Midfirst"), by their attorney, Robert J. Hauge, and responds to the Debtor's Objection to Proof of Claim of Midland Mortgage (Claim No. 11) filed by the Debtor on April 9, 2014.  Secured creditor, Midfirst would state to the court that claim 11 is filed in the name of Midfirst.

1.    Midfirst is the holder of a purchase money note and mortgage on the Debtor's residence (the "Property").   Midfirst filed a secured proof of claim in the debtor's bankruptcy with a total secured claim of $90,380.32 and identified an arrearage claim in the amount of $10,474.92.

2.    The Debtor has objected to the total secured claim in the amount of $90,380.32 as identified in the proof of claim and requested documentation as to the calculation of the claim.  The total secured claim can be calculated from the figures contained within the filed document. The total secured claim is comprised of the State of Principal and Interest Due as of the Petition Date (Part 1) of the filed proof of claim ($87,003.26). Part 1 is comprised of the principal due at the time of filing $83,500.25 and the pre-petition interest calculated from 2/01/13 – 1/17/13 at 4.375% (3,503.01). The total secured claim also includes the figures identified in the Statement of Prepetition Fees, Expenses, and Charges (Part 2) of the filed proof of claim ($3,377.06). Part 2 contains a detailed description of the dates and times for fees, expenses, and charges associated with this section. A

breakdown of this calculation is as follows – Part 1. $87,003.26 plus Part 2. $3,377.06 equals the total secured claim of $90,380.32.

3. The Debtor has objected to the arrearage claim in the amount of $10,474.92. The arrearage claim is identified in Parts 2- Statement of Prepetition Fees, Expenses, and Charges and Part 3 – Statement of the Amount Necessary to Cure Default as of the Petition Date which is contained in the Mortgage Proof of Claim Attachment to the filed proof of claim. The supporting dates and detail are specifically included in the attachment to the filed proof of claim. The Debtor defaulted on payments due under the note and mortgage starting in March of 2013. The secured creditor initiated a foreclosure action in State court against the Debtor to foreclose the security interest in the Debtor's property. The underlying foreclosure action is styled *Midfirst Bank v. Janet Galarza* CJ-2013-4271 in the District Court In and For Tulsa County, State of Oklahoma. The District Court has granted judgment to Midfirst. The arrearage is comprised of the missed prepetition payments, and fees expenses and charges associated with the missed payments and the State court foreclosure action.

4. The debtor has objected to the late charges detailed in Part 2 of the filed proof of claim in the amount of $283.91. The Note as executed by the Debtor provides for late charges for overdue payments. Late charges are authorized in the amount of 4% of the overdue amount of each payment. The prepetition payment is $645.26 and the Debtor missed 11 payments. The monthly late charge is $25.81. The late charges as identified in the proof of claim ($25.81 *11 times = $283.91) are correctly calculated and assessed.

5. The Debtor has objected to the attorney's fees, title fees, court costs, and property preservation fees associated with the State court foreclosure proceedings against the Debtor. The objections are contained in paragraphs 6 through 10 of the Debtor's objection. The attorney's fees, title fees, court costs and property preservation fees were necessary and reasonable to

protect the secured creditor's interest in the property and to collect the amount due and owing under the note. The note and mortgage provide for the recovery of these items and the specific detail and charges for these items and the reasonableness will be established at the hearing on the Debtor's objection.

6. The Debtor has objected to the Notice of Mortgage Payment Change, filed April 1, 2014 related to Midfirst's Proof of claim that was previously filed on March 24, 2014. The escrow analysis attached to the mortgage payment change details the escrow charges and the calculation of the new payment.

WHEREFORE, PREMISES CONSIDERED, MIDFIRST prays this Court deny the Debtor's Objection; and for such further relief as this Court deems appropriate.

MIDFIRST BANK

By: s/ Robert J. Hauge
Robert J. Hauge - #20007
Baer, Timberlake, Coulson & Cates, P.C.
6846 South Canton, Suite 100
Tulsa, Oklahoma 74136
Telephone: (918) 491-3100
Facsimile: (918) 491-5424
Attorney for Secured Creditor

## CERTIFICATE OF SERVICE

I hereby certify that I mailed a true and correct copy of the above and foregoing Response with postage thereon fully prepaid to the parties listed below on February 3, 2014.

Janet Lina Galarza
6628 S Utica Place
Tulsa, OK 74136

The following persons should have received notice of the above and foregoing instrument on the same day it was filed by the Court's CM/ECF Electronic Noticing System.

Lonnie D. Eck
P.O. Box 2038
Tulsa, OK 74101

Victor L. Hunt
907 S Detriot, Ste 725
Tulsa, OK 74120-4204

By: s/ Robert J. Hauge
Robert J. Hauge